IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-79-CR-176-M |
| ALICE MARIE BROOKINS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Alice Marie Brookins, appearing *pro se*, seeks the expungement of all records relating to her arrest and adjudication as a youth offender under the now-repealed Youth Corrections Act ("YCA"), 18 U.S.C. § 5021, *repealed by* Pub.L 98-473, Title II, § 218(a)(8), 98 Stat. 2027 (1984). According to defendant, she was arrested for mail fraud in 1979, successfully completed a five-year probation, and has not been arrested or convicted since that time. (*See* Pet. at 1; Mag. J. Interrog. #3-4). The government opposes the relief requested by defendant on the sole ground that the YCA does not authorize the expungement of criminal records.

The YCA was enacted to promote the rehabilitation of any youth who, in the opinion of the sentencing judge, exhibited promise of becoming a useful citizen, despite his or her involvement in criminal activity. *See* H.R. Rep. No. 2979, 81st Cong., 2nd Sess., *reprinted in* 1950 U.S.C.C.A.N. 3983, 3983. To further that purpose, the YCA gave courts the authority to suspend the imposition or execution of a sentence and place the youth offender on probation, "if the court is of the opinion that the youth offender does not need commitment[.]" 18 U.S.C. § 5010(a) (1976). Courts also had authority to discharge a youth offender "prior to the expiration of the maximum period of probation . . ., which discharge shall automatically set aside the conviction[.]" *Id.* § 5021(b) (1976).

There is a split in authority as to whether the YCA authorizes the expungement of records after a criminal conviction is set aside. Six circuit courts have held that expungement is not authorized by the statute. *See United States v. Doe*, 892 F.2d 1042 (Table), 1989 WL 157278 at *1 (4th Cir. Nov. 29, 1989); *United States v. Gardner*, 860 F.2d 1391, 1399 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1751 (1989); *United States v. Doe*, 747 F.2d 1358, 1359 (11th Cir. 1984); *United States v. Doe*, 732 F.2d 229, 230-32 (1st Cir. 1984); *United States v. McMains*, 540 F.2d 387, 389 (8th Cir. 1976); *United States v. Doe*, 556 F.2d 391, 392-93 (6th Cir. 1977). Three circuit courts have interpreted the YCA to authorize expungement. *See United States v. Doe*, 980 F.2d 876, 882-83 (3d Cir. 1992); *United States v. Doe*, 730 F.2d 1529, 1531-34 (D.C. Cir. 1984); *Watts v. Hadden*, 651 F.2d 1354, 1373 n.3 (10th Cir. 1981). Although this precise issue has not been decided by the Fifth Circuit, the court addressed a similar issue in *United States v. Ashburn*, 20 F.3d 1336 (5th Cir. 1994). In *Ashburn*, the Fifth Circuit held that the "set aside" language in the YCA does not mean that a conviction is "expunged" for purposes of U.S.S.G. § 4A1.2(j).[1] As the court explained:

> Various courts have addressed whether the language in the YCA mandating an "automatic [ ] set aside" of a YCA conviction, 18 U.S.C. § 5021, requires actual destruction or elimination of the record of conviction. Most have found that the YCA does not allow a court to authorize the actual physical obliteration of the record of conviction. (Citations omitted). These cases generally hold that if Congress meant to "expunge" the records in the sense of making them wholly unavailable through segregation and seal or through complete destruction, it would have so specified in the statute . . .
>
> In addition, these courts reasoned that because the arrest records of those who are acquitted or not prosecuted at all remain in the general police files, "[t]o destroy or segregate the present arrest records would leave a convicted person with a cleaner slate than an arrestee who was

---

[1] Section 4A1.2(j) provides that "[s]entences for expunged convictions are not counted, but may be considered" for purposes of determining the adequacy of a defendant's Criminal History Category. *See* U.S.S.G. § 4A1.2(j).

> never found guilty." (Citation omitted). Finally, the First Circuit looked to the legislative history of the YCA and found nothing to support the conclusion that Congress intended to allow an expungement of the actual records of a YCA conviction. (Citation omitted). With the exception of the Third Circuit's recent *Doe* decision, our sister circuits have generally agreed that the "set aside" provision in § 5021(a) is not an expungement in the sense of obliterating or even segregating and sealing the records of conviction.

*Id.* at 1342-43. Guided by *Ashburn*, the court concludes that the YCA does not authorize the relief requested by defendant -- the expungement of all records relating to her arrest and adjudication as a youth offender.

Nor should the court exercise its limited equitable powers to order the expungement of defendant's records. A district court is permitted to order expungement only in "exceptional circumstances." *See Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 701 & n.17 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1523 (1998). None of the facts alleged by defendant justify the extraordinary remedy of expungement. While the court applauds defendant's rehabilitative efforts since her 1979 conviction, those efforts, standing alone, do not permit the court to expunge her criminal and arrest records.

## **RECOMMENDATION**

Defendant's *pro se* petition for expungement of records [Doc. #2] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE